# United States Court of Appeals
## For the First Circuit

No. 13-2451

ALEXON NASSARALLA LAMIM,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE

BOARD OF IMMIGRATION APPEALS

Before

Thompson, Kayatta and Barron,

Circuit Judges.

Walter J. Gleason, Jr. on brief for petitioner.
Karen L. Melnik, Office of Immigration Litigation, United States Department of Justice, Stuart F. Delery, Assistant Attorney General, Civil Division, and Douglas E. Ginsburg, Assistant Director, on brief for respondent.

July 29, 2014

**BARRON, Circuit Judge.** Petitioner Alexon Nassaralla Lamim, a native and citizen of Brazil, seeks review of a decision of the Board of Immigration Appeals that denied his request to alter his permanent resident status so that it would no longer be conditional. Lamim was accorded that status by virtue of his marriage to a citizen of this country. To succeed in his request, Lamim was required to show that he entered into his marriage in good faith. Because substantial evidence supports the Board's finding that he did not make that showing, we deny Lamim's petition for review.

I.

Lamim lawfully entered the United States on a tourist visa in February 2001. He married Tracie Marie Silva, a United States citizen, on May 24, 2004. The government therefore granted him conditional permanent resident status. See 8 U.S.C. § 1186a(a)(1). That status applies to non-citizens like Lamim who marry citizens of this country. Because the permanent resident status is conditional, however, immigration authorities may later revoke it -- and then institute removal proceedings -- on the ground that the underlying marriage was a sham. See id. § 1186a(b)(1)(A)(I); id. § 1227(a)(1)(D)(I).

To protect against this possibility, a married couple may take steps to render the non-citizen spouse's status no longer conditional. In particular, they may jointly petition the

-2-

Secretary of Homeland Security for this change in status during the ninety-day period before the second anniversary of the non-citizen spouse's having obtained conditional permanent resident status. See id. § 1186a(c)(1)(A), (d)(2)(A). If no petition is filed in that time period, the non-citizen spouse may still succeed in securing the change in status. To do so, the spouse must seek what is known as a "hardship waiver." See id. § 1186a(c)(4). If the pair have divorced, the request for the waiver need not be filed jointly with the citizen spouse. Instead, the non-citizen spouse may file singly. To qualify for the waiver, however, the non-citizen spouse must show that he was not at fault in failing to file by the deadline and that "the qualifying marriage was entered into in good faith by the alien spouse." Id.

Lamim and Silva did not seek to convert Lamim's status by the deadline, and, in November 2007, their marriage ended. When Lamim filed for a hardship waiver in January 2008, therefore, he did so on his own. See id. § 1186a(c)(4)(B).

The United States Citizenship and Immigration Service denied Lamim's waiver request on August 6, 2010. The Department of Homeland Security served Lamim with a Notice to Appear in removal proceedings that same day. See id. § 1227(a)(1)(D)(I). Lamim renewed his waiver request in the immigration court, but the outcome was the same. The Immigration Judge found that Lamim had failed to make the showing necessary to justify a hardship waiver.

-3-

Lamim appealed, but the Board of Immigration Appeals affirmed. In doing so, the Board concluded that Lamim had failed to establish that he entered into the marriage with Silva in good faith. See id. § 1186a(c)(4)(B). Lamim now seeks review of that decision.

## II.

The burden of proof is on Lamim to show that he entered into the marriage with Silva in good faith. McKenzie-Francisco v. Holder, 662 F.3d 584, 587 (1st Cir. 2011). He can satisfy that burden by introducing "evidence relating to the amount of commitment by both parties to the marital relationship." 8 C.F.R. § 1216.5(e)(2).

While Lamim makes some effort to argue that the record shows that he in fact met his burden, his central challenge to the denial of his waiver request is that it rests on a legal error. Lamim roots that error in the oral decision of the Immigration Judge, which the Board affirmed. Lamim contends that the Immigration Judge, and thus the Board, erroneously relied on the fact that, during his marriage to Silva, he had an affair that resulted in a child with the other woman. According to Lamim, therefore, the denial of his request rested on an improper moral judgment regarding his adultery rather than on a fair analysis of the evidence in support of his waiver request.

But Lamim's characterization of the basis for the denial of his request is wrong. The Board did affirm the Immigration

-4-

Judge, but it did not adopt its opinion. Accordingly, "[t]he Board's determination . . . is the final agency decision under review." Martinez v. Holder, 734 F.3d 105, 111 n.15 (1st Cir. 2013). And while the Board did mention the affair and the resultant child in reaching its conclusion, it did so only in the course of scrutinizing Lamim's evidence in light of the Justice Department's guidance about what may constitute "evidence relating to the amount of commitment by both parties to the marital relationship." 8 C.F.R. § 1216.5(e)(2). That guidance instructs immigration authorities to evaluate "good faith" on the basis of documentation concerning the couple's cohabitation, the degree to which the couple's finances were commingled, any children born to the marriage, or other pertinent evidence. Id. § 1216.5(e)(2)(i)-(iv). And that was precisely the evidence the Board looked for in evaluating Lamim's waiver request.

With regard to documentation relating to financial commingling, id. § 1216.5(e)(2)(I), the Board found that Lamim did submit tax returns for 2005 and 2006, but it concluded that those returns did not help Lamim because they showed that he filed as "married filing separately." And while the Board determined that Lamim had shown that he and Silva did have a joint bank account, it noted that Lamim admitted on cross-examination that the account was joint in name only: Silva neither drew from nor deposited into the account. With regard to documentation concerning cohabitation, id.

§ 1216.5(e)(2)(ii), the Board noted that the rent receipts Lamim submitted for the properties he claimed to have shared with Silva were in his name only. The Board further pointed out that Silva's name was absent from the deed to the house Lamim purchased in December 2005. With regard to "birth certificates of children born to the marriage," id. § 1216.5(e)(2)(iii), the Board noted that although the record revealed no children born to Lamim and Silva, Lamim did have a child in September 2005 with another woman. The Board added that Lamim had not listed this child on his waiver request form, even though it asks applicants to do so. Finally, the Board found that the three letters Lamim submitted in support of his application shed little light on the marital relationship.

Contrary to Lamim's characterization, therefore, the decision to deny his waiver request placed no special emphasis on the affair or the child it produced. Rather than having focused unduly on the affair or basing its finding on a moral judgment about infidelity, as Lamim claims, the Board instead analyzed the waiver request on the basis of the very considerations it should have examined.

III.

Having addressed Lamim's objection about the extent of the Board's reliance upon the affair, we are left with only one final question: whether the record provides us with a basis to affirm the Board's finding that Lamim failed to meet his burden of

showing he entered into his marriage with Silva in good faith?  We have no doubt that we should.

In the context of a waiver request, a Board's judgment about whether a marriage was entered into in good faith is a factual one.  Jing Lin v. Holder, ___ F.3d ___, ___ (1st Cir. 2014) [No. 12-2134, slip op. at 5].  Accordingly, we must uphold the Board's finding on that point so long as it is "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'"  Reynoso v. Holder, 711 F.3d 199, 205 (1st Cir. 2013) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

Considered as a whole, the record accords with the Board's conclusion.  The record lacked, in the Board's words, any documentation "evidencing commingling" of the couple's finances, contained only "limited" evidence of cohabitation, and "lack[ed] detail."  The Board thus found that "the record lacked the type of memorabilia that marriages typically produce."  Without such evidence, the Board could not say that Lamim had met his burden of showing that he entered into his marriage with Silva in "good faith."  Because we cannot say on this record that "a reasonable factfinder would have to" reach a contrary conclusion, id., we must deny the petition.[1]

---

[1] Lamim separately filed a motion to stay removal pending resolution of his petition for review.  Given our resolution, we deny that motion as moot.